| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2025-K-0733** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **ELVIS BROOKS** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 261-032, SECTION "A"
Honorable Simone A. Levine,
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Karen K. Herman)
**LEDET, J., DISSENTING**

Elizabeth Baker Murrill
LOUISIANA ATTORNEY GENERAL
J. Bryant Clark, Jr.
J. Taylor Gray
ASSISTANTS LOUISIANA ATTORNEY GENERAL
P.O. Box 94005
Baton Rouge, LA 70804

      COUNSEL FOR RELATOR/STATE OF LOUISIANA

Harry L. Daniels, III
DANIELS & WASHINGTON
38167 Post Office Road
Prairieville, LA 70769

      COUNSEL FOR RESPONDENT/ELVIS BROOKS

      **WRIT GRANTED; REVERSED AND REMANDED**
      **DECEMBER 22,2025**

The State of Louisiana through the Office of the Attorney General ("Attorney General") seeks supervisory review of the district court's October 10, 2025 ruling, which held that the Attorney General's motion to vacate the conviction of Elvis Brooks ("Defendant") was untimely. For the reasons set forth below, we grant the writ application, reverse, and remand to the district court for further proceedings.

**STATEMENT OF FACTS AND PERTINENT PROCEDURAL HISTORY**

Defendant was convicted in 1977 for one count of first-degree murder and three counts of armed robbery. His convictions and sentence were affirmed. *State v. Brooks*, 391 So.2d 1183 (La. 11/19/80). Thereafter, Defendant filed multiple applications for post-conviction relief.

While Defendant's 2019 application for post-conviction relief was pending, the District Attorney's Office and Defendant entered into a plea agreement. On October 15, 2019, the district court vacated the convictions and sentence. Defendant pled guilty to manslaughter and two counts of armed robbery. He was sentenced to forty-two years, which rendered him eligible for immediate release.

On December 8, 2019, Defendant filed a motion to vacate his conviction, asserting that the District Attorney withheld exculpatory evidence that

1

demonstrated his innocence and that his guilty plea was not knowing, intelligent, or voluntary.

Following a hearing on April 28, 2022, Defendant's guilty plea and sentence were vacated. A new trial was ordered. However, the District Attorney entered a *nolle prosequi* as to each count.

On April 23, 2024, Defendant filed a wrongful conviction compensation claim. On September 30, 2024, the Attorney General filed a motion to intervene and motion to vacate the April 28, 2022 judgment.

On December 19, 2024, the district court issued a ruling denying the Attorney General's motion to intervene and motion to vacate. Therein, the district court held that the Attorney General did not have the constitutional authority to intervene. It further held that the motion to intervene was untimely. On that point, the district court reasoned that the Attorney General filed its motion to intervene nearly two and half years after the April 28, 2022 judgment, and that pursuant to La. C.Cr.P. art 914, the deadline for appeal was May 31, 2022, thirty days after the judgment. The district court further stated that at the very least, the Attorney General had notice of the judgment on or about May 16, 2024, when the Clerk of Court sent notice to the Attorney General that Defendant filed a wrongful conviction compensation claim.

The Attorney General sought expedited review of the December 19, 2024 ruling. We granted the writ holding as follows:

> We reverse the district court's judgment insofar as it denies the Attorney General's motion to intervene given the State has a vested right in this matter. *See* La. R.S. 15:572.8(E) (providing that "[t]he attorney general shall represent the state of Louisiana in these proceedings").

*State v. Brooks*, unpub., 2025-0009 (La. App. 4 Cir. 1/8/25).

2

On January 22, 2025, this Court denied Defendant's application for a rehearing that raised, among other issues, the untimeliness of the Attorney General's filing. The Louisiana Supreme Court denied Defendant's writ application. *State v Brooks*, 2025-00232 (La. 5/29/25), 409 So.3d 754.

Asserting that this Court's writ disposition did not rule on the timeliness issue, Defendant filed a Notice of Untimeliness in the district court. Following a contradictory hearing on September 5, 2025, judgment was rendered in favor of Defendant on October 10, 2025. Therein, the district court reasoned as follows:

> While the Attorney General argues it needed notice of Judge Campbell court decision to vacate Mr. Brooks' conviction, the Uniform Rule of Louisiana Court of Appeal Rule 4-2 does not require the Office of the Attorney General to have received notice and nor does any other code or case law the court has found. Notice must only be given to the opposing party by the party filing the writ. Additionally, the Attorney General's Office had notice of Judge Campbell's decision by September 30, 2024 when it filed its motion to intervene. However, the Attorney General only filed its supervisory writ application opposing Judge Campbell's decision to vacate Mr. Brooks conviction on January 8, 2025, a date outside the 30-day time requirement even if the clock were to begin on September 30, 2024, which is the date the Office of the Attorney General had definitive notice of a ruling affecting its substantive interest.
>
> The Office of the Attorney General argues that the 30-day time-period under the Uniform Rules of Louisiana Courts of Appeal Rule 4-3 does not apply to them as they were neither an original party nor counsel of record. However, the Uniform Rules of Louisiana Courts of Appeal only indicate that "the party or the counsel of record, intending to apply for a writ" must give notice of its intention to file a writ. The Uniform Rules do not indicate it must be an original party who must file a timely supervisory writ application, the Uniform Rules specify that the party which seeks to writ the decision, must submit the writ within the 30-day time limit. The natural consequence of the Office of the Attorney General's argument is that it would never need to file a timely application for supervisory review in any post-conviction matter since the Office of the Attorney General will neither be the counsel of record nor the original party in a post-conviction matter.

3

From that ruling, Defendant filed the present writ application. For the reasons stated below, we find that the district court erred.

**DISCUSSION**

The record before us reflects that the Attorney General was not a party to the 2022 criminal proceeding, had no statutory role in it, and received no notice of the vacatur at the time it was issued. The Attorney General's authority in this case did not arise, and could not arise, until Defendant filed a wrongful conviction compensation claim in 2024. Only then did state law mandate that the Attorney General "represent the state of Louisiana in these proceedings." *See* La. R.S. 15:572.8(E) (providing that "[t]he attorney general shall represent the state of Louisiana in [compensation] proceedings"). The right and obligation to act began at that moment, not two years earlier, and not before the Attorney General acquired standing.

Although the Attorney General did not act immediately upon receiving notice, that delay does not control the outcome. No thirty-day period constrained the Attorney General's authority to seek relief in this posture. Rule 4-3 of the Uniform Rules of Louisiana Courts of Appeal applies only to parties who already possess standing in the criminal proceeding when the challenged ruling is rendered. It does not bar a constitutional officer from seeking relief in circumstances where the State's interest first materializes years after the underlying judgment. A procedural rule cannot extinguish a right before that right exists. The Attorney General's authority is constitutional, not derivative, and it cannot be defaulted before it arises.

This Court has already held that the Attorney General had a "vested right" to intervene in this matter. *See State v. Brooks*, unpub., 2025-0009 (La. App. 4 Cir.

4

1/8/25). That right is hollow if the only meaningful relief available through intervention is deemed forever time barred before the Attorney General entered the case. Our prior ruling necessarily contemplated that intervention carried with it the ability to test the validity of the judgment forming the basis of the compensation claim. The district court's attempt to treat intervention and the motion to vacate as separable issues mischaracterizes this Court's prior writ ruling.

For these reasons, the Attorney General's constitutional and statutory authority should not be constrained with a judicially created deadline that did not and could not apply when the State's interest first arose. The Attorney General is the officer the Constitution designates to safeguard the State's position when wrongful conviction compensation is sought. Denying that officer the ability to challenge the underlying criminal judgment undermines both the legislative design of La. R.S. 15:572.8 and the integrity of our adversarial system. In sum, we find that the Attorney General's intervention and request to vacate was procedurally proper and legally cognizable.

**CONCLUSION**

For the foregoing reasons, the Attorney General's writ application is granted. The October 10, 2025 ruling of the district court is reversed and the matter is remanded so that the merits of the Attorney General's challenge may be heard.

**WRIT GRANTED; REVERSED AND REMANDED**